**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUNE DONATO,

    Petitioner,

-vs-                                      Case No. 8:10-CV-2407-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") on September 20, 2010. After carefully examining Petitioner's petition and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d). *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## I.  The Petition is Untimely

Petitioner's judgment became final on February 20, 2003, ninety days after the appellate court affirmed Petitioner's conviction.[1] *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). Unless the limitation period was tolled by a motion for collateral review, Petitioner had until February 19, 2004, to file her federal petition.

Two hundred seventy-two (272) days of the limitation period expired before Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P., Rule 3.850 on November 19, 2003 (Dkt. 1 at pg. 4). The limitation period remained tolled until January 4, 2008, when the Second District Court of Appeal issued its mandate after affirming the denial of Petitioner's Rule 3.850 post-conviction motion.[2]

Between January 4, 2008, and March 13, 2008, 69 more days ran on Petitioner's AEDPA clock. On March 13, 2008, Petitioner filed a petition for writ of certiorari in the

---

[1] *See Donato v. State*, 835 So. 2d 1122 (Fla. 2d DCA 2002) [table].

[2] The Court takes judicial notice of information available November 3, 2010, on the database maintained by the Clerk of the Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, that indicates that after the appellate court affirmed Petitioner's conviction, the appellate court issued its mandate on January 4, 2008. See Fed. R. Evid. 201.

United States Supreme Court.³ The petition for writ of certiorari, however, had no tolling effect because the federal limitation period is not tolled during pendency of a petition for certiorari to the United States Supreme Court seeking review of denial of state post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Thus, Petitioner's AEDPA clock ran out on April 7, 2008, 93 days after January 4, 2008 (272 + 93 = 365).⁴

On September 20, 2010, Petitioner filed her § 2254 petition. Her AEDPA clock, however, ran out on April 7, 2008, making her § 2254 petition 896 days too late. Thus, her federal habeas petition is untimely.

## II.    Equitable Tolling

Petitioner appears to argue that she is entitled to equitable tolling of the limitation period because of her attorney's negligence (Dkt. 1 at pgs. 17-18). "The time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and therefore permits equitable tolling." *Webster v. Sec'y for the Dep't of Corr.*, 2010 U.S. App. LEXIS 13568, 2010 WL 2595556, at *3 (11th Cir. Fla. June 30, 2010) (citing *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

³The Court takes judicial notice of information on the United States Supreme Court's website, http://www.supremecourt.gov/Search, which indicates that Petitioner, in case no. 07-10288, filed her petition for writ of certiorari on March 13, 2008. The petition was denied on June 9, 2008. *See Donato v. State*, 553 U.S. 1096 (2008).

⁴April 6, 2008, was a Sunday.

3

timely filing." *Id.* (quoting *Holland*, 130 S. Ct. at 2563) (internal quotation marks omitted).

In support of her request for equitable tolling, Petitioner attached to her petition a copy of a letter from her attorney dated January 22, 2010 (Dkt. 1 at pgs. 17-18). It appears from that letter that Petitioner's attorney erroneously believed that Petitioner's March 13, 2008 petition for writ of certiorari to the United States Supreme Court following the appellate court's affirmance of the denial of Petitioner's Rule 3.850 motion tolled the AEDPA clock, and that there was time still remaining on Petitioner's AEDPA clock following the Supreme Court's denial of her petition for writ of certiorari. A simple miscalculation of a deadline, however, is insufficient to warrant equitable tolling. *See Holland,* 130 S.Ct. at 2564; *Lawrence*, 549 U.S. at 366 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") (citation omitted).[5]

Further, Petitioner "must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004). Even if Petitioner has shown that her attorney's negligence amounts to extraordinary circumstances, she cannot show due diligence. On January 22, 2010, Petitioner's attorney informed her that he did not file a federal habeas petition on her

---

[5]Petitioner may also be asserting that she is entitled to equitable tolling because after the Supreme Court denied her petition for writ of certiorari, her attorney failed to promptly notify her of his decision not to file a federal habeas petition on her behalf. The AEDPA clock, however, expired on April 7, 2008, well before the Supreme Court denied Petitioner's petition for writ of certiorari on June 9, 2008. Thus, even if her attorney's failure to promptly inform Petitioner that he was not filing a federal habeas petition on her behalf would be grounds for equitable tolling, it would not justify equitable tolling in this case because the alleged negligence occurred after the AEDPA clock had already expired.

behalf (Dkt. 1 at pgs. 17-18). Thereafter, Petitioner waited another 241 days, i.e., nearly 8 months, before filing her federal habeas petition. Without considering the time between March 13, 2008, the day Petitioner filed her petition for writ of certiorari in the Supreme Court, and January 22, 2010, the day Petitioner's attorney informed her that he did not file a federal habeas petition on her behalf, a total of 582 days (272 + 69 + 241 = 582) of untolled time expired before she filed her federal habeas petition. Petitioner does not offer any excuse for this delay. Thus, "this delay alone constitutes a lack of due diligence and disentitles [Petitioner] to equitable tolling." *See Diaz*, 362 F.3d at 702. *See also Flight Attendants Against UAL Offset (FAAUO) v. Comm'r*, 165 F.3d 572, 576 (7th Cir. 1999) ("[A] party who wants to appeal to the doctrine of equitable tolling to excuse a late filing [must] show … that he tried diligently to file within the deadline *or as soon afterwards as possible*.") (emphasis added).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The Clerk shall terminate all pending motions and close this case.

3. If Petitioner can show by record evidence that her petition is timely, or that she is entitled to equitable tolling, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty (20) days from the date of this order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*