**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUNE DONATO,

    Petitioner,

-vs-                                             Case No.  8:10-CV-2407-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's Motion to Show Petitioner Entitled to Equitable Tolling (Dkt. 11).

### **Background**

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") on September 20, 2010 (Dkt. 1). On November 3, 2010, the Court, *sua sponte*, dismissed the petition as time-barred (Dkt. 10). In the order dismissing the petition, the Court stated in pertinent part that "[i]f Petitioner can show by record evidence that her petition is timely, or that she is entitled to equitable tolling, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty (20) days from the date of this order." (Id. at pg. 5).  Petitioner constructively filed her motion on November 18, 2010 (Dkt. 11 at pg. 4).

**Analysis**

In her motion, Petitioner asserts that she is entitled to equitable tolling because: 1) her attorney was negligent in failing to timely file a federal habeas petition on her behalf; 2) she made several attempts to obtain records from her attorney and the state trial court in order to prepare her federal habeas petition; and 3) she did not have access to any legal assistance or her legal documents while she was housed in the prison's infirmary from September 2008 through March 2009 following cornea transplant surgery, and June 2009 through January 2010, following a second cornea transplant surgery; and when she had another transplant surgery in March 2010.[1]

As the Court determined in the order dismissing Petitioner's petition as time-barred, Petitioner's judgment became final on February 20, 2003, ninety days after the appellate court affirmed Petitioner's conviction. Two hundred seventy-two (272) days of the limitation period expired before Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P., Rule 3.850 on November 19, 2003. The limitation period remained tolled until January 4, 2008, when the Second District Court of Appeal issued its mandate after affirming the denial of Petitioner's Rule 3.850 post-conviction motion. Between January 4, 2008, and March 13, 2008, 69 more days ran on Petitioner's AEDPA clock. On March 13, 2008, Petitioner, through counsel, filed a petition for writ of certiorari in the United States Supreme Court. But the petition for writ of certiorari had no tolling effect because the federal limitation

---

[1] The medical records Petitioner attached to her motion indicate that she was housed in the prison infirmary from December 21, 2007 through January 28, 2008; June 27, 2008 through December 8, 2008; and February 24, 2010 through March 3, 2010 (Dkt. 11 at pgs. 17-22).

period is not tolled during pendency of a petition for certiorari to the United States Supreme Court seeking review of denial of state post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Thus, Petitioner's AEDPA limitation period ended on April 7, 2008, 93 days after January 4, 2008 (272 + 93 = 365). On September 20, 2010, 896 days too late, Petitioner filed her § 2254 petition.

"The time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and therefore permits equitable tolling." *Webster v. Sec'y for the Dep't of Corr.*, 2010 U.S. App. LEXIS 13568, 2010 WL 2595556, at *3 (11th Cir. Fla. June 30, 2010) (citing *Holland v. Florida*, 130 S. Court. 2549 (2010); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland*, 130 S. Court. at 2563) (internal quotation marks omitted). Even if Petitioner can show she pursued her rights diligently, she cannot show extraordinary circumstances prevented her timely filing her federal habeas petition.

First, Petitioner's attorney's miscalculation of the deadline for filing the federal habeas petition is insufficient to warrant equitable tolling. *See Holland,* 130 S.Ct. at 2564; *Lawrence*, 549 U.S. at 366 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

3

Second, even if Petitioner were entitled to equitable tolling during the periods of time she was in the prison infirmary and allegedly without any access to her legal file or legal materials, she had time to file her federal habeas petition when these impediments did not exist. As the Court noted *supra*, 272 days of the limitation period expired before Petitioner filed a post-conviction motion on November 19, 2003. The limitation period remained tolled until January 4, 2008, when the appellate court issued its mandate after affirming the denial of the post-conviction motion. Even if Petitioner were entitled to equitable tolling until January 28, 2008, the day on which Petitioner was discharged from the prison infirmary following her first cornea transplant surgery (see Dkt. 11 at pg. 17), the limitation period would have expired 93 days later on April 30, 2008.[2] Petitioner is not entitled to equitable tolling during the periods of time the impediments to her filing her federal habeas petition did not exist. *See Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. 2007) (unpublished opinion) (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)).

Finally, to the extent Petitioner asserts that she attempted to obtain state court records in order to prepare her federal habeas petition,[3] those efforts to obtain records were made well after the limitation period expired in 2008 (see Dkt. 11 at pgs. 8-15). Moreover, to the extent Petitioner implicitly asserts that the Initial Brief filed on her behalf on direct appeal

---

[2] Petitioner did not return to the prison infirmary until June 27, 2008 (Dkt. 11 at pg. 19).

[3] It appears from the documents Petitioner attached to her motion that she attempted to obtain a copy of the Initial Brief filed on her behalf on direct appeal of her conviction (see Dkt. 11 at pgs. 8-15).

4

of her state conviction was necessary to filing her federal habeas petition, Petitioner does not show that she was prevented from filing a timely habeas petition and thereafter clarifying the petition after she obtained relevant state court records.[4] *See Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002) (Court denied petitioner equitable tolling based on the deprivation of legal materials because petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"). Petitioner's implicit assertion of lack of access to a portion of the state court record does not establish an extraordinary circumstance sufficient to justify equitable tolling.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Show Petitioner Entitled to Equitable Tolling (Dkt. 11) is **DENIED**.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the

---

[4]The Court notes that Petitioner does not assert that she eventually received the state court records that she had requested from the state courts and her attorney. Nevertheless, she was able to file her federal habeas petition. Thus, based on the record before the Court, Petitioner ultimately filed her petition without the benefit of the Initial Brief filed in her state direct appeal.

5

applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2010.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*

applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*